**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN and JANE DOE A, individually and as grandparents and next friends of DOE A, a minor; | ) <br> ) <br> ) |
| Plaintiffs, | ) Case No.: <br> ) |
| v. | ) Cal. <br> ) |
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, PEDRO MARTINEZ INDIVIDUALLY AND AS AN AGENT OF DISTRICT 299, BOSEDE BADA,INDIVIDUALLY AND AS AN AGENT OF DISTRICT 299, ANNETTE DOWD, INDIVIDUALLY AND AS AN AGENT OF DISTRICT 299, ADRIENE THOMAS, INDIVIDUALLY AND AS AN AGENT OF DISTRICT 299, IRENE BARRERA, INDIVIDUAL AND AS AN AGENT OF DISTRICT 299 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) JURY DEMAND |

## ORIGINAL COMPLAINT

NOW COMES Plaintiff, JOHN and JANE DOE A, DOE A, a disabled minor, by and through his grandparents and next friends, JOHN and JANE DOE A, by and through their attorney Danielle A. Pinkston of Pinkston Law Group, P.C., and hereby complaining of Defendants THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299, PEDRO MARTINEZ, Superintendent BOSEDE BADA, individually and as an agent of DISTRICT 299, ANNETTE DOWD, individually and as an agent of DISTRICT 299, Adriene Thomas, individually and as an agent of DISTRICT 299, IRENE BARRERA, individually and as an agent of DISTRICT 299 and stating as follows:

### JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

1

## NATURE OF ACTION

2. This cause of action arises out of the harassment, bullying, abuse, and other unlawful treatment of Doe Child A, a minor child caused by Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, from DOE B, in the bathroom, classroom, and hallways located at Suder Elementary Schools, City of Chicago, County of Cook, Illinois.

3. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law and through state law claims of willful and wanton conduct of DOE A's rights as secured by the United States Constitution and Illinois Statutes.

4. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Illinois state law claims of willful and wanton conduct, against Defendant Principal Bosede Bada, Assistant Principal, Annette Dowd, DOE A's Adriene Thomas and teacher's assistant, Irene Barrera in their individual capacity, and THE BOARD OF EDUCATION OF THE CITY OF CHICAGO.

5. The subject of harassment and bullying has been part of the culture of the Suder Elementary School and teachers and principals have turned a blind eye toward the abuse, even after the abuse was reported to them.

6. In addition to seeking damages to compensate Plaintiffs for their psychological injuries, DOE A.

7. This is a tort action brought by DOE A who was forced to endure harassment, bullying, abuse amounting to assaults and violations of his rights to privacy.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and redressing violations of civil rights pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over Illinois state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this Court under 28 U.S.C. §1391 (b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all of the parties reside in this Judicial District.

**THE PARTIES**

**Plaintiffs**

10. Plaintiffs JOHN and JANE DOE A, individually and as grandparents and next friends of DOE A, are residents of the City of Chicago, Illinois, Cook County, Illinois.

11. Plaintiff DOE A is a minor male and is a resident of the City of Chicago, Illinois, Cook County, Illinois. DOE A attended Suder Elementary School at all relevant times.

**Defendants**

12. Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO (hereinafter "BOE"), acting through its agents, servants, and/or employees, is engaged in, among other things, the management and administration of the public schools and related services within the borders of BOE. BOE maintains offices within the County of Cook and State of Illinois.

13. PEDRO MARTINEZ (hereinafter " Martinez "), was an agent of DISTRICT 299 and was the superintendent for DISTRICT 299, which includes Chicago, Illinois Schools, at all relevant times. As superintendent of DISTRICT 299, Defendant Martinez has a duty to supervise and protect the physical safety of students at Suder Elementary School at all times. This includes a duty to report any allegations of sexual abuse of a

student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq.* As superintendent, Defendant Martinez also has the ability and authority to take corrective action on behalf of DISTRICT 299 to stop harassment and bullying, and to discipline perpetrators of such conduct.

14. Bosede Bada was the Principal of Suder Elementary School and was an agent, apparent or otherwise, and/or employee of Defendant, BOE. Bada was the Principal engaged in, among other things, providing all aspects of public school administration services at Suder Elementary School and had a duty to supervise and protect the physical safety of students at Suder Elementary School at all times. This includes a duty to report any allegations of harassment and abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 et seq. As a school principal of students, Defendant Bada also has the ability and authority to take corrective action on behalf of DISTRICT 299 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

15. Annette Dowd was the Assistant Principal of Suder Elementary School and was an agent, apparent or otherwise, and/or employee of Defendant, BOE. Dowd was the Principal engaged in, among other things, providing all aspects of public school administration services at Suder Elementary School and had a duty to supervise and protect the physical safety of students at Suder Elementary School at all times. This includes a duty to report any allegations of harassment and abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 et seq. As a school principal of students, Defendant Dowd also has the ability and

authority to take corrective action on behalf of DISTRICT 299 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

16. Adriene Thomas teacher of DOE A at Suder Elementary School, and was an agent, apparent or otherwise, and/or employee of Defendant, BOE, and Suder Elementary School. As a teacher, Defendant Thomas has a duty to supervise and protect the physical safety of students at Suder Elementary School at all times. This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq.* As a football coach and gym teacher, Defendant Thomas also has the ability and authority to take corrective action on behalf of DISTRICT 299 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

17. Irene Barrera, assistant teacher of DOE A at Suder Elementary School, and was an agent, apparent or otherwise, and/or employee of Defendant, BOE, and Suder Elementary School. As a teacher, Defendant Thomas has a duty to supervise and protect the physical safety of students at Suder Elementary School at all times. This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq.* As a football coach and gym teacher, Defendant Thomas also has the ability and authority to take corrective action on behalf of DISTRICT 299 to stop harassment, hazing, and bullying, and to discipline perpetrators of such conduct.

## FACTUAL ALLEGATIONS

18. At all times relevant, there was in effect in the state of Illinois a certain statute, 105 ILCS 5/1 et seq., commonly known as the Illinois School Code.

19. At all times relevant, Defendant, BOE, devised and created its own school district policies and Chicago Public School Policy Manual.

20. At all times relevant, there was in effect the Chicago Public Schools Policy 705.5A "Anti-Bullying" Manual (hereinafter "the Manual").

21. At all times relevant, one of the stated goals that motivated Defendant, BOE, to promulgate the policies set forth in the Manual was: "To create a learning environment in all its school communities where all students feel safe and supported, are protected from bullying, and are able to succeed academically and develop socially and emotionally into responsible, caring individuals."

22. Defendants and BOE, all had a duty to abide by the policies set forth in the Manual.

23. Section 705.5A of the Manual defines bullying as:

   (1)    Any physical or verbal act or conduct, including communications made in writing or electronically, directed toward a student or students, and meets all of the following criteria:

   (2)    An observed or perceived imbalance of power exists between the person(s) engaging in the bullying behavior(s) and the targeted student(s); and/or student(s) were targeted based on prejudice or bias (as defined below).

   (3)    The behaviors are severe or pervasive (repeated over time), or there is a high likelihood that behaviors will be repeated. While bullying is often characterized by repeated acts, sometimes a single incident constitutes bullying depending on the severity and if other elements of bullying are present.

   (4)    The intent of the person(s) engaging in the behavior is to cause physical or emotional harm to the targeted student(s).

   (5)    The behavior has or can be reasonably predicted to have one or more of the following effects: a) placing the student in reasonable fear of harm to the student's person or property; b) causing a substantially detrimental effect on the student's physical or mental health; c) substantially interfering with the student's academic performance; or d) substantially interfering with the student's ability to participate

6

in or benefit from the services, activities, or privileges provided by a school.

24. 705.5A of the Manual further states:

Bullying may take various forms, including without limitation, one or more of the following: harassment, threats, intimidation, stalking, physical violence, sexual harassment, sexual violence, theft, public humiliation, destruction of property, or retaliation for asserting or alleging an act of bullying...

25. Section 705.5A of the Manual defines Cyberbullying as:

Using information and communication technologies to bully. This definition includes cyberbullying by means of technology that is not owned, leased, or used by the school district when an administrator or teacher receives a report that bullying through this means has occurred. This Policy does not require a district or school to staff or monitor any non-school related activity, function, or program.

26. The Manual's subsection titled "Intervening to Address Bullying" mandates

that it is the responsibility of:

All CPS employees and contractors, including security officers, lunchroom staff and bus drivers, who witness incidents of bullying or school violence or who possess reliable information that would lead a reasonable person to suspect that a person is a target of bullying, must: 1) intervene immediately in a manner that is appropriate to the context and ensures the safety of all people involved; 2) Report the incident of bullying or retaliation to the Principal/Designee as soon as practicable, but within 24 hours, on the CPS Bullying Complaint form (Attachment A); and 3) Cooperate fully in any investigation of the incident and in implementing any safety plan established by the Principal/Designee.

27. Section 705.5A, subsection C, "Steps for Investigating Bullying Reports,"

dictates the following:

(1) Ensure safety. The Principal or his/her designee will provide immediate support to any targeted student(s) to ensure safety. If there are overt or implied risks of safety, follow the steps in the CPS Crisis Manual, including immediately notifying the CPS Student Safety Center and the school's Network office. Alleged behaviors targeted at sex, gender, sexual orientation, gender identity, or gender

expression should be reported immediately to the Office of Student Protections and Title IX for assistance and support: (773) 535-4400.

28. In subsection E of the Manual, BOE mandates "What Not to Do" and specifically lists not to:

> Solicit an apology from the student who engaged in bullying to the targeted student or mandate a public apology, use peace circles, victim/offender conferences, or any form of mediation that puts the student who engaged in bullying in contact with the targeted student in an immediate attempt to resolve the bullying. Restorative measures may be helpful to repair relationships between the student who engaged in bullying and targeted student, but only if used after other interventions have balanced the power differential between the perpetrator and target.
>
> Dismiss bullying as typical student behavior or assume it is not serious.

29. Section 705.5A of the Manual states:

> When it is determined that an employee or contractor was aware that bullying was taking place but failed to report it, the employee/contractor will be considered to have violated this policy. The Principal shall consider employee discipline for such violations, making reference to any applicable collective bargaining agreement. Remedies for offending contractors should be imposed according to their Board contracts.

30. At all times relevant, DOE A attended classes at Suder during 2022 until he transferred away.

31. On January 24, 2022, DOE A, a minor child, asked his Ms. Thomas teacher if he could use the restroom and she allowed him.

32. Another student from his class, DOE B was also allowed to use the restroom at the same time as DOE A and followed DOE A into the restroom.

33. DOE B kicked on the stall where DOE A was sitting on the toliet, took photos, and videos of DOE A while he was on the toilet.

34. The other minor student did not stop there, but sometime afterwards he posted the video

on DOE A onto social media this same day.

35. Several students at Suder and other schools viewed the video and teased, harassed and bullied DOE A.

36. Ms. Thomas did nothing about it nor did she report the incident.

37. When JOHN and JANE DOE A heard about the traumatic incident they reached out to the administrators at Suder and demanded a meeting to see how this could have happened to their grandson.

38. DOE A and DOE B had a meeting with administrators and DOE A was made to feel as if the bathroom incident was his fault.

39. DOE B was not discipled for taking photos and videos of DOE A and for posting them online.

40. Before Spring Break in 2022, JOHN and JANE DOE A received a call from Dowd, the assistant principal stating she was going to suspend Royal for an incident involving DOE B after the two got into another altercation because DOE B was once again bullying and harassing DOE A.

41. JOHN and JANE DOE A agreed that they would not pull DOE A from the school but allowed him to be transferred to a different classroom.

42. JOHN and JANE DOE A discovered during the meeting with Principal Bada, Assistant Principal Dowd that Ms. Thomas, DOE A's former teachers dropped the ball when it came to DOE A and the incident.

43. DOE A's teacher Ms. Thomas had a REALLY bad disposition throughout the entire meeting and abruptly removed herself from the meeting.

44. Principal Bada stated "That she dropped the ball on the bathroom incident" and she kept

apologizing as she claimed she did not know a meeting to discuss the incident had not taken place.

45. April 18, 2022, DOE A's 1st day back to school since the last incident he felt he was racially profiled by IRENE BARRERA who also put her hands on him.

46. Ms. Thomas chose to interrogate DOE A in the presence of Irene Barrera.

47. On April 26, 2022, Ms. Thomas wrote JOHN and JANE DOE A stating that DOE A approached her and shared "an adult in the building racially profiled him and grabbed him by shirt." He shared that he was in the hallway, when the teacher came out of nowhere and told him to go back to class, at which point they grabbed him. Once he shared that they grabbed him she asked him explicitly to state where he was grabbed and how. DOE A pulled at the front of his hoodie and pulled it. She repeated the action stating, " they grabbed you here," and he confirmed. When she asked why he thought it was " racially motivated," he shared it was because they were white.

48. JOHN and JANE DOE A previously mentioned in DOE A's IEP meeting that they had concerns that DOE A was being bullied.

49. Subsequently, Principal Bada wrote JOHN and JANE DOE A stating,

> This letter is to inform you that we have received allegations of bullying involving your student. We will be conducting a thorough investigation pursuant to the Chicago Board of Education Anti-Bullying Policy and we will issue a final determination within ten (10) school days. The school must protect the privacy of other students involved in the allegations, and thus, the information you receive about other students will be limited. Please contact me on

773-***-*** with any questions or concerns.

## COUNT I – VIOLATION OF CONSTITUTIONAL RIGHTS, 42 USC 1983;
## DOE A V. ALL DEFENDANTS

50. Plaintiffs refer to, and incorporate by reference, paragraphs 1 through 49 as though fully stated herein.

51. Section 1983 is presumptively available to remedy a state's ongoing violation of federal law. 42 USC 1983;

52. Persons acting under the color of law are subject to suit under Section 1983.

53. The Individual Defendants, acting under the color of state law, intentionally discriminated against DOE A as a member of an identifiable black student with a disability by knowingly failing to address the widespread and bullying and harassment against DOE A.

54. Individual Defendants violated DOE A's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by actions, including but not limited to, depriving Plaintiff of equal protection under the law on the basis on race and disability.

55. Individual Defendants acted with deliberate indifference in responding to the bullying, harassment, assault and battery against DOE A at Suder Elementary.

56. As a proximate result of Defendants' negligent acts, Plaintiff has incurred damages as alleged heretofore.

57. Plaintiffs refer to, and incorporate by reference, paragraphs 1 through 54 as though fully stated herein.

58. Individual Defendants inadequately communicated the anti-harassment and bullying policies to students and school personnel.

59. Individual Defendants are responsible for student supervision.

60. They had a duty of care toward DOE A and all other students to prevent the known harassment and bullying occurring on and off the premises between students of Suder Elementary School.

61. As a direct and proximate result of the conduct of BOE as aforesaid, DOE A sustained severe, permanent physical, mental, and emotional injuries; DOE A continues and will continue to suffer great pain and mental anguish; DOE A was, and will be in the future, unable to attend to his usual affairs, duties, and occupation; and DOE A was otherwise injured or damaged.

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, pray for judgment against all Defendants, in an amount in excess of $75,000.00, plus the costs of this lawsuit.

### COUNT II – VIOLATION OF DOE A'S EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, PURSUANT TO 42 U.S.C. § 1983, DOE A V. ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES ONLY

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63. In engaging in and performing the acts, omissions and conduct alleged above, the individual Defendants performed acts, omissions and conduct under color of state law that discriminated against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment, and such discrimination was either intentional or occasioned by deliberate.

64. In addition, in engaging in and performing the acts, omissions and conduct alleged above, Defendants, inclusive, performed acts, omissions and conduct under color of state law that deprived Decedent of his rights under Title IX of the Education Amendments Act of 1972,

20 U.S.C. § 1681 - 1688, and such discrimination was either intentional or occasioned by deliberate indifference. Said acts, omissions, and conduct are actionable under 42 U.S.C. § 1983

65. As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Decedent incurred, and Plaintiff is entitled to recover, general and special damages, including but not limited to severe emotional injuries and distress, medical expenses, and significant educational detriment.

66. The aforementioned conduct of the individual Defendants was done maliciously, oppressively and with an intent to injure Decedent and/or in conscious disregard for the rights and safety of Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial. Plaintiff is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

67. As a direct and proximate result of the conduct of BOE as aforesaid, DOE A sustained severe, permanent physical, mental, and emotional injuries; DOE A continues and will continue to suffer great pain and mental anguish; DOE A was, and will be in the future, unable to attend to his usual affairs, duties, and occupation; and DOE A was otherwise injured or damaged.

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, pray for judgment against all named Defendants, in an amount in excess of $75,000.00, plus the costs of this lawsuit.

## COUNT III – WILLFUL AND WANTON SUPERVISION
## DOE A V. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69. BOE, individually and through its agents and/or employees, failed to notify authorities of

DOE B'S repeated violent attacks against DOE A, bullying, cyberbullying, harassment, name-calling, and physical abuse by DOE B and Ms. Barrera.

70. At all times relevant, BOE had a duty to exercise reasonable care in the supervision of its agents and/or employees, including Defendants.

71. At all times relevant, BOE, Individually and/or through its agents and/or employees, including the Individual Defendants, had a duty to supervise and protect the physical safety of students, including DOE A.

72. At all times relevant, BOE, Individually and/or through its agents and/or employees, including the Individual Defendants, had a duty to supervise and protect the physical safety of students at the school during and outside of school hours.

73. BOE, Individually and/or through its agents and/or employees had a duty to supervise students on school premises as well as during school sponsored athletic competitions.

74. BOE, Individually and/or through its agents and/or employees had a duty to prevent and/or intervene when it learned that students, including DOE B and Ms. Barrera were carrying out attacks on DOE A and cyberbullying him, which clearly jeopardized the safety and well-being of students, including DOE A.

75. At all times relevant, BOE had a duty to exercise reasonable care in the supervision of its students, including DOE B and Ms. Thomas and Barrera.

76. At all times relevant, BOE had a duty to supervise and monitor its staff and agents, including the Individual Defendants.

77. At all times relevant, BOE had a duty to exercise reasonable care m the supervision of those on its Premises, including all Defendants listed in this Complaint.

78. At all times relevant, BOE had a duty to exercise, prevent, protect and/or intervene when it

knew of the risk of harm associated with bullying.

79. At all times relevant, BOE knew, or should have known, that DOE B used social media to bully and harass DOE A.

80. At all times relevant, BOE knew, or should have known, that DOE A was DOE B's repeated target of bullying and harassment, on and off campus.

81. At all times relevant, BOE knew, or should have known, that DOE B took part in a pattern of threatening and bullying behavior toward DOE A.

82. At all times relevant, BOE knew, or should have known, that the Individual Defendants were fostering and participating in a pattern and practice of bullying, harassment, and physical abuse against DOE A.

83. At all times relevant, BOE knew, or should have known, that the Individual Defendants covered up and/or omitted material facts detailing the wrongdoing by DOE B and Ms. Barrera.

84. At all times relevant, BOE knew or should have known that DOE B should have been properly supervised during the school day.

85. At all times relevant, BOE had a duty to supervise its employees to ensure that they followed and complied with the policies and procedures set forth in the Illinois School Code.

86. At all times relevant, BOE had a duty to supervise its employees to ensure that they followed and complied with all BOE policies and procedures.

87. At all times relevant, BOE, through its employees and agents, had a duty to follow the protocol in responding, investigating, disciplining, preventing and reporting to BOE, as well as to parents all bullying incidents so as to protect, prevent and deter future incidences

and to prevent harm to its students, like DOE A.

88. In violation of its duties as aforesaid, BOE committed one or more of the following acts or

omissions as alleged above and shown by the evidence at trial:

    a. Willfully and wantonly failed to prevent and supervise DOE B and Ms. Barrera from harming DOE A with respect to multiple batteries;

    b. Recklessly disregarded the continuous and ongoing risk of harm that DOE B posed to DOE A's well-being and safety;

    c. Willfully and wantonly failed to protect DOE A from the reasonably foreseeable threat posed by DOE B and Ms. Barrera;

    d. Willfully and wantonly failed to protect DOE A from bullying and physical attacks from students like DOE B;

    e. Willfully and wantonly failed to protect DOE A from harassment from students like DOE B;

    f. Willfully and wantonly failed to protect DOE A from cyberbullying from students like DOE B;

    g. Willfully and wantonly failed to protect DOE A from physical abuse and battery from students like DOE B and Ms. Barrera;

    h. Willfully and wantonly failed to supervise and monitor BOE staff, including the Individual Defendants;

    i. Willfully and wantonly failed to supervise the teacher's supervision of students while in class and on the school premises;

    j. Willfully and wantonly failed to supervise DOE B's actions during school hours;

    k. Willfully and wantonly violated Section 7.505A of BOE Manual;

    l. Willfully and wantonly violated 105 ILCS 5/10-20.14 of the Illinois School Code "Student Discipline Policies";

    m. Willfully and wantonly violated 105 ILCS 5/27-23.7 of the Illinois School Code "Bullying Prevention";

    n. Willfully and wantonly violated the Suder Elementary School's Code of Conduct;

o.  Willfully and wantonly failed to protect DOE A from the targeted verbal attacks and bullying by DOE B;

p.  Willfully and wantonly failed to report the verbal and physical abuse, bullying and retaliation of DOE B; and

q.  failed to protect DOE A from harm, including the deliberate, calculated placement of DOE A.

89. As a direct and proximate result of the conduct of BOE as aforesaid, DOE A sustained severe, permanent physical, mental, and emotional injuries; DOE A continues and will continue to suffer great pain and mental anguish; DOE A was, and will be in the future, unable to attend to his usual affairs, duties, and occupation; and DOE A was otherwise injured or damaged.

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, pray for judgment against Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, in an amount in excess of $75,000.00, plus the costs of this lawsuit.

## COUNT IV – NEGLIGENCE
## DOE A V. ALL DEFENDANTS

90. Plaintiffs refer to, and incorporate by reference, all preceding paragraphs as though fully stated herein.

91. Under the Tort Claims Act, BOE is vicariously liable for injuries proximately caused by negligence of school personnel responsible for student supervision.

92. BOE had a duty to supervise students on the premises of Suder Elementary School.

93. Standard of care imposed upon school personnel in carrying out duty to supervise students is identical to that required in the performance of their other duties, i.e., that degree of care which a person of ordinary prudence, charged with comparable duties, would exercise under the same circumstances; either a total lack of supervision or ineffective supervision

may constitute a lack of ordinary care on the part of those responsible for student supervision.

94. Individual Defendants are responsible for student supervision.

95. They had a duty of care toward DOE A and all other students to prevent the known and rampant harassment bullying, and cyberbullying occurring on and off the premises of Suder Elementary School.

96. Individual Defendants breached their duty by failing to supervise the conduct of students, giving rise to vicarious liability by BOE.

97. The breach of duty by Individual Defendants/BOE to supervise the students like DOE A serious psychological injury.

98. He has required counseling and is now having trouble participating in a mainstream educational environment.

99. As a direct and proximate result of the conduct of BADA, which constitutes a course of action that shows an utter indifference to or conscious disregard for the safety of students at the Suder Elementary School, DOE A has and will continue to suffer severe and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, psychological injuries, the inability to perform his normally activities of daily living and obtain full enjoyment of life; has incurred, and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continued to incur loss of income and/or loss of earning capacity

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, demands judgment against Defendant, BOSEDE BADA, in the sum in excess of $75,000.00, plus punitive damages, actual damages, damages for emotional distress plus attorney's fees and costs.

## COUNT V– WILLFUL AND WANTON SUPERVISION
## DOE A V. DEFENDANT, PRINCIPAL BADA, AS AGENT AND/OR EMPLOYEE OF
## THE BOARD OF EDUCATION OF THE CITY OF CHICAGO

100.     JOHN and JANE DOE A, incorporate by reference Paragraphs 1 through 99 of this

Complaint as if fully set forth herein.

101.     At all times relevant, Bada was acting within the scope of her employment with

BOE.

102.     At all times relevant, Bada had a duty to exercise reasonable care in the supervision

of students and teachers at Suder.

103.     At all times relevant, Bada had a duty to supervise and protect the physical safety

of students, including DOE A.

104.     At all times relevant, Bada had a duty to supervise and protect the physical safety

of students at the school during school hours

105.     At all times relevant, DOE B had a duty to prevent physical attacks against DOE

A, including before and during school.

106.     Bada breached said duty and allowed DOE B to harass and bully DOE A.

107.     As a direct and proximate result of  the conduct of BADA, which constitutes a

course of action that shows an utter indifference to or conscious disregard for the safety of

students at the  Suder Elementary School, DOE A has and will continue to suffer severe

and permanent emotional distress, resulting in physical manifestations, embarrassment,

loss of self-esteem, humiliation, psychological injuries, the inability to perform his

normally activities of daily living and obtain full enjoyment of life; has incurred, and will

continue to incur expenses for medical and psychological treatment, therapy, and

counseling; and has incurred and will continued to incur loss of income and/or loss of

earning capacity

WHEREFORE,  Plaintiffs, JOHN and JANE DOE A, demands judgment against

Defendant, BOSEDE BADA, in the sum in excess of $75,000.00, plus punitive damages, actual

damages, damages for emotional distress plus attorney's fees and costs.

## COUNT VI– WILLFUL AND WANTON SUPERVISION
## DOE A V. DEFENDANT, ASSISTANT PRINCIPAL ANNETTE DOWD, AS AGENT AND/OR EMPLOYEE OF THE BOARD OF EDUCATION OF THE CITY OF CHICAGO

108.     JOHN and JANE DOE A, incorporate by reference Paragraphs 1 through 107 of

this Complaint as if fully set forth herein.

109.     At all times relevant, Annette Dowd was acting within the scope of her employment

with BOE.

110.     At all times relevant, Dowd had a duty to exercise reasonable care in the supervision

of students and teachers at Suder.

111.     At all times relevant, Dowd had a duty to supervise and protect the physical safety

of students, including DOE A.

112.     At all times relevant, Dowd had a duty to supervise and protect the physical safety

of students at the school during school hours

113.     At all times relevant, DOE B had a duty to prevent physical attacks against DOE

A, including before and during school.

114.     Dowd breached said duty and allowed DOE B to harass and bully DOE A.

115.     As a direct and proximate result of  the conduct of BADA, which constitutes a

course of action that shows an utter indifference to or conscious disregard for the safety of

students at the  Suder Elementary School, DOE A has and will continue to suffer severe

and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, psychological injuries, the inability to perform his normally activities of daily living and obtain full enjoyment of life; has incurred, and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continued to incur loss of income and/or loss of earning capacity

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, demands judgment against Defendant, ANNETTE DOWD, in the sum in excess of $75,000.00, plus punitive damages, actual damages, damages for emotional distress plus attorney's fees and costs.

### COUNT VII WILLFUL AND WANTON HIRING AND RETENTION
### DOE A V. DEFENDANT, PRINCIPAL BOSEDE BADA, AS AGENT AND/OR
### EMPLOYEE OF THE BOARD OF EDUCATION OF THE CITY OF CHICAGO

116.     JOHN and JANE DOE A incorporates by reference Paragraphs I through 115 of this Complaint as if fully set forth herein

117.     At all times relevant, BOSEDE BADA knew or reasonably should have known that DOE B and Ms. Barrera engaged in a pattern and practice of bullying DOE A, which included verbal abuse and harassment as well as physical battery, both personally and indirectly by encouraging bullying behaviors.

118.     At all times relevant, BADA knew or reasonably should have known that DOE B had not modified his conduct or position with regard to bullying.

119.     BADA knew or should have known that Thompson allowed DOE B to bully and harass DOE A and allowed and Ms. Barrera to assault and battery DOE A.

120.     At all times relevant, BADA, as principal of the Suder Elementary School, had the authority to hire, fire, and discipline the coaches, teachers, and staff working there to ensure

that the school provided a safe environment for the wellbeing of its students.

121.     At all times relevant, BADA willfully and wantonly continued to retain Ms. Thomas and Ms. Barrera despite her knowledge of their conduct towards DOE A.

122.     At all times relevant, BADA had a duty to exercise reasonable care for the safety of others, including DOE A.

123.     At all times relevant, BADA had a duty to hire employees who are not foreseeably likely to cause harm to others in the workplace.

124.     At all times relevant, BADA had a duty not to create an unreasonable risk of harm to students at Suder Elementary School, including but not limited to the risk of being bullied, harassed, and battered.

125.     At all times relevant, BADA had a duty to comply with the Illinois School Code.

126.     At all times relevant, BADA had a duty to comply with the Manual.

127.     In violation of its duties as aforesaid, BOE committed one or more of the following acts of omissions:

  (a)   Willfully and wantonly failed to protect children, like DOE A, from the reasonably foreseeable threat posed by DOE B, Ms. Thomas and Ms. Barrera;

  (b)   Willfully and wantonly failed to protect children, like DOE A, from bullying behavior, including oral harassment, videos, written messages on public chat groups, and battery;

  (c)   Willfully and wantonly ignored DOE B's repeated harassment of DOE A.

  (d)   Willfully and wantonly ignored DOE B's who bullied, harassed, abused, and battered DOE A;

  (e)   Willfully and wantonly disregarded the Illinois "Qualifications of Educators" and School "Code of Ethics" set forth in 105 ILCS 5/21;

(f)     Willfully and wantonly failed to evaluate Thomas pursuant to 105 ILCS 5/24 in accordance with the educator's duties, responsibilities, and standards;

(g)     Willfully and wantonly disregarded its obligations under 105 ILCS 5/24 by failing to implement a plan incorporating remedial measure to stop bullying by DOE B when she knew or should have known that such a plan was needed;

(h)     Willfully and wantonly allowed Thomas and Barrera to remain teachers when she knew or reasonably should have known of their actions or inactions;

(i)     Willfully and wantonly failed to remove DOE B from the premises of the Suder Elementary School;

(j)     Willfully and wantonly failed to enforce and/or establish a monitoring and/or assessment system for DOE B in violation of 105 ILCS 5/24;

(k)     Willfully and wantonly disregarded the qualification and requirements established by BOE for, teachers, paraprofessionals, and assistants;

(l)     Willfully and wantonly failed to timely discharge Thomas and Barrera; and

(m)     Willfully and wantonly ignored DOE B'S repeated violations of the code of conduct.

128.     As a direct and proximate result of  the conduct of BADA, which constitutes a course of action that shows an utter indifference to or conscious disregard for the safety of students at the  Suder Elementary School, DOE A has and will continue to suffer severe and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, psychological injuries, the inability to perform his normally activities of daily living and obtain full enjoyment of life; has incurred, and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continued to incur loss of income and/or loss of

earning capacity

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, demands judgment against

Defendant, BOSEDE BADA, in the sum in excess of $75,000.00, plus punitive damages, actual

damages, damages for emotional distress plus attorney's fees and costs.

### COUNT VIII WILLFUL AND WANTON HIRING AND RETENTION DIRECTED AGAINST ANNETTE DOWD

129.    JOHN and JANE DOE A, incorporate by reference Paragraphs 1 through 128 of

this Complaint as if fully set forth herein.

130.    At all times relevant, Dowd was acting within the scope of her employment with

BOE.

131.    At all times relevant, Dowd had a duty to exercise reasonable care in the supervision

of students and teachers at Suder.

132.    At all times relevant, Dowd had a duty to supervise and protect the physical safety

of students, including DOE A.

133.    At all times relevant, Dowd had a duty to supervise and protect the physical safety

of students at the school during school hours

134.    At all times relevant, DOE B had a duty to prevent physical attacks against DOE

A, including before and during school.

135.    Dowd breached said duty and allowed DOE B to harass and bully DOE A.

136.    As a direct and proximate result of the conduct of BADA, which constitutes a

course of action that shows an utter indifference to or conscious disregard for the safety of

students at the Suder Elementary School, DOE A has and will continue to suffer severe

and permanent emotional distress, resulting in physical manifestations, embarrassment,

loss of self-esteem, humiliation, psychological injuries, the inability to perform his

normally activities of daily living and obtain full enjoyment of life; has incurred, and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continued to incur loss of income and/or loss of earning capacity

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, demands judgment against Defendant, ANNETTE DOWD, in the sum in excess of $75,000.00, plus punitive damages, actual damages, damages for emotional distress plus attorney's fees and costs.

## COUNT IX ASSAULT AGAINST IRENE BARRERA

137.     JOHN and JANE DOE A incorporates by reference Paragraphs I through 136 of this Complaint as if fully set forth herein

138.     Irene Barrera caused DOE A reasonable apprehension of an imminent, offensive contact with DOE A's person.

139.     Irene Barrera intended to do the act constituting the assault reasonable apprehension of an imminent, offensive contact with DOE A's person.

140.     Irene Barrera had had the apparent ability to engage in harmful or offensive contact with DOE A and did.

141.     As a direct and proximate result of the conduct of Barrera, which constitutes a course of action that shows an utter indifference to or conscious disregard for the safety of students at the Suder Elementary School, DOE A has and will continue to suffer severe and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, psychological injuries, the inability to perform his normally activities of daily living and obtain full enjoyment of life; has incurred, and will continue to incur expenses for medical and psychological treatment, therapy, and

counseling; and has incurred and will continued to incur loss of income and/or loss of earning capacity

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, demands judgment against Defendant, the Irene Barrera, in the sum in excess of $75,000.00, plus punitive damages, actual damages, damages for emotional distress plus attorney's fees and costs.

## COUNT X BATTERY AGAINST IRENE BARRERA

142.    JOHN and JANE DOE A incorporates by reference Paragraphs I through 141 of this Complaint as if fully set forth herein

143.    Irene Barrera willfully touched DOE A.

144.    Irene Barrera intended to willfully touch or make offensive contact with DOE A's person.

145.    DOE A did not ask, request, or want Barrera to touch him.

146.    As a direct and proximate result of the conduct of Barrera, which constitutes a course of action that shows an utter indifference to or conscious disregard for the safety of students at the Suder Elementary School, DOE A has and will continue to suffer severe and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, psychological injuries, the inability to perform his normally activities of daily living and obtain full enjoyment of life; has incurred, and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continued to incur loss of income and/or loss of earning capacity.

WHEREFORE, Plaintiffs, JOHN and JANE DOE A, demands judgment against Defendant, the Irene Barrera, in the sum in excess of $75,000.00, plus punitive damages, actual

damages, damages for emotional distress plus attorney's fees and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Dated: January 24, 2023,                    Respectfully submitted,

/s/ Danielle A. Pinkston
_____
Danielle A. Pinkston
**PINKSTON LAW GROUP, P.C.**
Danielle A. Pinkston
Atty for: Plaintiffs
54 North Ottawa Street, Suite #110
Joliet, IL. 60432
Office: (773) 770-4771 Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com